**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Marisol Flores and Jose Flores,

    Plaintiffs

v.

Wyndham Vacation Resorts, Inc.,

    Defendant

Case No.: 2:23-cv-00955-JAD-EJY

**Order Granting Defendant's Motion to Compel Arbitration and Dismiss Case**

[ECF No. 3]

    Marisol and Jose Flores sue Wyndham Vacation Resorts, Inc. for alleged misrepresentations that Wyndham made when convincing the couple to buy a timeshare. Wyndham removed this case from state court and moves to compel arbitration, contending that the Floreses signed three timeshare contracts and each contained an arbitration provision governing their claims. The Floreses respond that the contracts are invalid because they were rushed to sign without reviewing their terms and thus cannot serve as the basis for compelling arbitration. But because the Floreses challenge the validity of the contracts as a whole and not their arbitration provisions specifically, an arbitrator must decide those disputes. So I grant Wyndham's motion to compel arbitration and dismiss this case.

**Discussion**

**A.  When an agreement contains an arbitration clause, the court must compel arbitration, and the arbitrator must resolve challenges to the agreement's validity.**

    The Federal Arbitration Act (FAA) states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon grounds as

exist at law or in equity for the revocation of any contract."[1]  It permits any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition any federal district court for an order compelling arbitration in the manner provided for in the arbitration agreement.[2]  The FAA "establishes a federal policy favoring arbitration, requiring that [courts] rigorously enforce agreements to arbitrate,"[3] and it provides "that [if a] contract contains an arbitration clause, there is a presumption of arbitrability."[4]  "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[5]

The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[6]  But the Supreme Court has clarified that challenges to the validity of a contract as a whole must be decided by the arbitrator—only challenges to the validity of the arbitration clause itself can be resolved by the court.[7]

---

[1] 9 U.S.C. § 2.

[2] *Id.* at § 4.

[3] *Shearson/Am. Exp. Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (cleaned up).

[4] *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted) (quoting *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

[5] *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean v. Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[6] *Id.*

[7] *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006).

**B.   The Floreses signed arbitration agreements that delegate questions of arbitrability, so their validity dispute must be arbitrated.**

The Floreses signed three separate timeshare contracts with Wyndham, the first of which was executed on August 18, 2018.  They then traded that contract (and the equity and ownership of their first timeshare interest) for another one in November 2018.  Finally, the Floreses rolled that November contract into another timeshare interest, and a new contract, in 2021.[8]  Each contract contains an arbitration provision covering "any claim regarding any breach, termination, enforcement, interpretation or validity of this agreement, any claim arising out of or related to the marketing, purchase, and/or use of Owner's ownership, Owner's use of Seller's properties, and/or Owner's participation in any activities/events sponsored, organized, or made available by Seller or its affiliates."[9]  Each contract required the Floreses to initial below the arbitration provision to confirm that they "have read and agree to the dispute resolution/arbitration clause."[10]

The Floreses concede that they signed each agreement and do not dispute that the arbitration provisions apply to their claims regarding Wyndham's marketing practices.  They instead argue that the contracts themselves are invalid because the Floreses were fraudulently coerced into signing them.  They contend that that "Wyndham (a) controlled the closing documents, (b) hid any portions of the contract [that] it did not want [the Floreses] to see, (c) would not allow [them] to review the entire contract prior to signing, (d) only showed [them]

---

[8] *See* ECF No. 3-2 (August 18, 2018, contract); ECF No. 3-3 (November 18, 2018, contract); ECF No. 3-4 (August 29, 2021, contract).

[9] ECF No. 3-2 at 7; *see also* ECF No. 3-3 at 7; ECF No. 3-4 at 4.  The 2021 contract substitutes "contract" for "agreement" and "buyer" for "owner," but is otherwise identical.

[10] ECF No. 3-2 at 8; ECF No. 3-3 at 8; ECF No. 3-4 at 6.

3

signature pages of the documents, (e) generally prevented [them] from reading the contract documents, and (f) made misrepresentation[s] about the contents of the closing documents."[11]

But it is well settled that "unless the [plaintiffs'] challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."[12] Courts look to the "crux of the complaint" to determine if the plaintiffs' validity arguments challenge the contract as a whole or the arbitration clause specifically.[13] The Floreses' complaint challenges only the August 2018 contract, and it certainly challenges that contract as a whole, not just the arbitration provision.[14] They allege that Wyndham misrepresented material facts to get them to sign the contract in a manner that constituted fraud in the inducement and violated Nevada's timeshare laws.[15] But the Supreme Court and Ninth Circuit have both held that claims for fraud in the inducement and state-law validity challenges targeting the entirety of a contract must be arbitrated.[16] So because the Floreses clearly challenge the validity of the timeshare agreements they entered and not just the arbitration provisions that those agreements contain, the question of their validity must be resolved through arbitration.

---

[11] ECF No. 16 at 3.

[12] *Buckeye Check Cashing*, 546 U.S. at 445–46.

[13] *Id.* at 444; *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1263–64 (2006).

[14] *See generally* ECF No. 1-1. In response, the Floreses don't discuss the relevance of the other contracts on their claims, but they apply the same validity arguments to all of the timeshare agreements they signed. *See* ECF No. 16 at 4–6.

[15] ECF No. 1-1 at 15–20.

[16] *See Buckeye*, 546 U.S. at 446 (holding that the arbitrator, not the court, must decide whether state law or state public policy renders a contract void); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (holding that the FAA "does not permit the federal court to consider claims of fraud in the inducement of the contract generally"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) ("fraud in the inducement and economic duress of the [contract] as a whole . . . are questions for the arbitrator"). *See Buckeye*, 546 U.S. at 446 (holding that the arbitrator, not the court, must decide whether state law or public policy renders a contract void).

**C.     The Floreses have not demonstrated that leave to amend is warranted.**

The Floreses ask for leave to amend their complaint "if the Court determines that [they] have not alleged that they were fraudulently induced and coerced into agreeing to arbitrate with enough specificity."[17]  The Floreses' request violates this district's Local Rule 15-1, which requires that the moving party "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."[18]  But even if I were to consider the request, nothing in the Floreses' response to Wyndham's motion indicates that they can plead true facts to show that they are challenging the arbitration provisions specifically and not the contracts as a whole.  So I deny that request because amendment would be futile.  And because I find that all of the Floreses' claims must be arbitrated, I dismiss this case in the interest of judicial efficiency.[19]  But I do so without prejudice to the Floreses' ability to file a new action after completing arbitration, if such an action is warranted.[20]

---

[17] ECF No. 16 at 6.

[18] L.R. 15-1(a).

[19] *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (noting that, while the FAA expressly authorizes staying proceedings pending arbitration, the FAA "does not limit the court's authority to grant a dismissal" when all of the plaintiff's claims are barred by an arbitration clause).

[20] *See Interactive Flight Tech., Inc. v. Swissair Swiss Air Trans. Co., Ltd.*, 249 F.3d 1177, 1179 (9th Cir. 2001).

**Conclusion**

IT IS THEREFORE ORDERED that Wyndham Vacation Resorts, Inc.'s motion to compel arbitration and dismiss **[ECF No. 3] is GRANTED**. **This case is dismissed without prejudice to the arbitration of plaintiffs' claims, and the Clerk of Court is directed to CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
March 8, 2024